UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH BENIQUEZ,<br><br>Plaintiff,<br><br>- against -<br><br>NEW YORK STATE UNIFIED COURT SYSTEM and GERALD FILOMIO,<br><br>Defendants. | 23-CV-07735 (DLC)<br><br>**STIPULATION AND CONFIDENTIALITY ORDER** |

WHEREAS, the parties to the above-captioned case are engaged in discovery in this action, which may include, among other things, taking depositions, responding to interrogatories, responding to requests for admissions, and producing copies of documents for inspection and copying;

WHEREAS, the Parties agree to the terms of this Stipulation and Confidentiality Order ("Protective Order") to protect their confidential information, including documents, tangible things, and electronically stored information;

WHEREAS, this Protective Order does not operate to mandate disclosure of any particular information and does not work to waive any objections any Party may have to the production of any particular information in response to a demand in this litigation; and

WHEREAS, good cause exists for the entry of this Protective Order,

NOW THEREFORE, it is hereby stipulated and ordered, pursuant to Fed. R. Civ. P. 26(c), as follows:

1. This Protective Order shall govern the handling of all information, documents, and tangible things (as defined in Fed. R. Civ. P. 34(a)) disclosed during the course of the above-captioned action (the "Action") by any party or non-party acting voluntarily or in response to Court-authorized discovery, including but not limited to taking depositions, responding to

interrogatories, responding to requests for admissions, and producing documents for inspection and copying ("Litigation Material").

2. For the purposes of this Protective Order:

    a. "Producing Party" shall mean any party producing Litigation Material.

    b. "Inspecting Party" shall mean any party receiving Litigation Material.

*Materials Covered*

3. The following Litigation Material produced or provided by the parties or non-parties during the course of this Action may be designated as confidential by any party or non-party with a bona fide interest in its confidentiality:

    a. Documents and information concerning the substance or contents of any personnel files of any party or non-party, including but not limited to personal, departmental, investigatory, disciplinary, and administrative files and other personnel information prepared or maintained by the New York State Unified Court System or its Office of Court Administration (collectively, "UCS"), or any of their current or former officers, employees, or agents, including but not limited to documents reflecting the salary, conduct, performance, health, age, race, national origin, sexual orientation or gender of any current or former UCS employees;

    b. Documents and information concerning any policies, procedures, internal reviews or analyses of the UCS, including documents and information relating to that court's organization, structure, staffing, goals, training, and performance;

    c. Documents and information concerning the private, personal, or non-public information of parties to the Action;

    d. Documents and information containing personal health or mental health information of any party in this Action, including but not limited to documents and

2

information covered by the Health Insurance Portability and Accountability Act of 1996 and records disclosed by a party pursuant to any Authorization to Release Medical Records by the Plaintiff in this Action;

e. Documents and information that counsel for the parties agree should be designated as confidential; and

f. Testimony about the documents and information covered by paragraphs 3(a)-(e).

### *Designation*

4. The Producing Party may designate Litigation Material as confidential by marking it with the words "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or with a similar legend ("Confidential Material"). Where such marking is impossible or impractical (such as with productions of groups of documents in native form), the Producing Party shall designate in writing to the Inspecting Party the documents or information it regards as confidential. In the case of any Litigation Material that is in the form of an audio or video recording (whether analog or digital) that cannot be designated "Confidential" in a practicable and cost-efficient manner, it shall be sufficient for the Producing Party to clearly mark the CD-ROM, DVD, or other physical medium containing such electronic data or documents with the appropriate designation. So-marked documents and the information contained therein, shall not be disclosed to anyone by the party receiving the confidential Litigation Material, except as provided in this Protective Order

5. Depositions or other testimony may be designated as confidential by identifying orally on the record that portion of the testimony designated as confidential, or by making such designation in writing to the other parties within 30 days after notification from the court reporter that the transcript is available.

6. Any Litigation Material designated as confidential shall not be disclosed by the Inspecting Party to anyone, except as provided in this Protective Order. A confidentiality designation by the Producing Party shall not be deemed an acknowledgment of confidentiality by any other party except for purposes of this Protective Order.

7. Each party in this Action reserves the right to challenge a designation of confidentiality in whole or in part. To challenge a designation, the disagreeing party shall notify the Producing Party in writing, and the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved on an informal basis, the disagreeing party may make an application to the Court challenging the designation of confidentiality in whole or in part. Until the Court rules on the dispute, all parties shall continue to treat the material in question as Confidential Material.

### *Use and Disclosure of Confidential Material*

8. Any Litigation Material designated as confidential shall be used by the Inspecting Party solely for the purposes of prosecuting or defending this Action, and for no other purpose.

9. Litigation Material designated as confidential, including any copies, notes, abstracts, or summaries thereof, shall be maintained in confidence by the parties and shall not be given, shown, or described to any other person, except:

   a. The Court and personnel employed by it;

   b. Counsel to the parties in the above-captioned Action (including in-house counsel) and the attorneys, legal assistants, paralegals, clerical and other support staff who are employed by such counsel or are independent contractors of counsel and who are actually involved in assisting in the litigation;

4

    c. The parties to this Action and employees of any named party who are either required by such party or requested by counsel to assist in the prosecution or defense of the Action;

    d. For purposes of investigation, preparation, deposition, or trial in this Action, any deponent, witness, or any potential deponent or potential witness who authored, received or otherwise had access to and familiarity with the Confidential Material at the time of its original creation and use prior to the litigation; provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

    e. Court reporters who record depositions or other testimony in this case;

    f. Any expert witness upon execution of a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, which shall be retained by party who retains that expert's services; and

    g. Any other person upon the written agreement of the Producing Party and execution of a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, or pursuant to court order.

10. Before disclosing Litigation Material designated as confidential to a person identified in subparagraphs 9(d), (f) or (g), the party proposing to make such disclosure shall procure that person's written agreement—in the form of the Non-Disclosure Agreement annexed hereto as Exhibit A—to comply with and be bound by the terms of this Protective Order. Counsel of record shall maintain a list of the names of every person to whom such materials or information is disclosed and that list shall be available for inspection by the Producing Party upon order of the Court following a showing of good cause.

5

11. The parties agree to meet and confer about the use of any Confidential Material at depositions, hearings, trial, or in connection with publicly filed motions or documents at least seven days before such deposition, hearing, trial, or filing, or—if the deposition, hearing, trial, or filing is scheduled on less than seven days' notice—as soon as reasonably practicable after receiving notice. No party may file Confidential Material in the public record in this action without prior written permission from the designating party or a court order secured after appropriate notice to all interested individuals, subject to the following:

    a. If a party decides to file any Confidential Material with the Court, such material shall be filed with a request that it be filed under seal or redacted in accordance with the rules of the Court. If any Confidential Material is filed with the Court in redacted form, the filing party will also provide an unredacted courtesy copy to the Court with a request that it not be included in the public record.

    b. If a party uses or elicits testimony concerning Confidential Material in a deposition, that portion of the deposition shall be designated as confidential, making it separately subject to the provisions of this Protective Order.

    c. If a party intends to use or elicit testimony concerning Confidential Material at trial or in open court in a manner that will disclose such material, the party shall take all steps reasonably required to protect the material's confidentiality during such use.

12. If Litigation Material is inadvertently produced without a confidentiality designation, the Producing Party may nevertheless assert the confidentiality of the document or other information, and the parties shall thereafter treat the document or other information as confidential, provided that such assertion is made promptly upon discovery of any inadvertent disclosure.

6

13. In the event of a disclosure to an unauthorized party of Litigation Material designated under this Protective Order as confidential, the disclosing party shall without delay (a) notify the Producing Party of the disclosure; (b) without delay take all reasonable steps to recover the document, material or other information, and (c) report to the Producing Party immediately upon recovery or failure to recover the confidential Litigation Material.

14. The production of privileged or work-product-protected Litigation Material, whether inadvertent or otherwise ("Inadvertently Disclosed Information"), is not a waiver of the privilege or protection from discovery in this case or in any other federal, state, or any other proceeding. If Inadvertently Disclosed Information is produced, whether inadvertently or otherwise, the Producing Party may notify the Inspecting Party and, upon receiving such notice, the Inspecting Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and certify in writing to the Producing Party that all such information has been returned or destroyed. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall also produce a privilege log with respect to the Inadvertently Disclosed Information. The Inspecting Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

16. If a party is served with a subpoena or other notice in another proceeding or from a regulatory or other governmental agency requesting or compelling the production of

7

materials produced by another party and designated as Confidential, the party so requested shall give immediate written notice to the Producing Party of such subpoena or other notice. Upon receipt of such notice, the Producing Party shall bear the burden of opposing, if appropriate, the subpoena or other notice on grounds of confidentiality, privilege, or any other ground the party deems appropriate. In no event shall production or disclosure be made before reasonable notice is given to the Producing Party.

17. Nothing in this Protective Order shall be construed to limit, modify, or interfere in any manner with the Producing Party's use of its own Litigation Material, or any party's disclosure obligations under applicable law.

18. Each person who has access to Litigation Material that has been designated as confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Nothing in this Protective order shall prejudice the right of any party to apply to the Court for a further protective order relating to any documents or information provided under this Protective Order.

20. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevance, admissibility, or discoverability of confidential Litigation Material sought.

21. Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Protective Order.

22. The parties reserve the right to seek modification of this Protective Order by application to the Court for good cause shown.

23. Non-parties from whom discovery is sought by the parties to this Order may designate materials as confidential, consistent with the terms of this Protective Order, provided

8

that such non-parties agree in writing to be bound by the terms of this Protective Order prior to the production of any such materials by executing a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. Under such circumstances, all duties applicable to the parties that are signatories to this Protective Order shall apply to such non-parties.

24. This Protective Order shall survive the termination of the litigation. Within thirty days of the final conclusion of this Action, including any post-trial motions or appellate proceedings, upon request of any Producing Party, all Litigation Materials designated as confidential (including any copies, notes, abstracts, or summaries thereof) shall be returned promptly by the Inspecting Party to the Producing Party, or, in lieu of their return, shall be destroyed (as by shredding) and the destruction of all such documents (except those returned) promptly certified by the Inspecting Party, who shall notify the Producing Party in writing promptly of such destruction. However, the parties may retain their own work product, copies of court filings, and official transcripts and exhibits, provided that these retained documents, along with the information contained therein, continue to be kept confidential in accordance with this Protective Order.

25. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

26. This Protective Order may be executed in counterparts, and a facsimile or PDF signature shall be deemed to have the same effect as an original signature.

So ordered.

*[signature]*
10/24/24

Dated: New York, New York
October _17_, 2024

FISHER TAUBENFELD LLP
*Counsel for Plaintiff*

AIDALA, BERTUNA & KAMINS, P.C.
*Counsel for Defendant Gerald Filomio*

_____
Liane Fisher, Esq.
225 Broadway, Suite 1700
New York, New York 10007
(212) 571-0700

_____
Michael DiBenedetto, Esq.
John Esposito, Edq.
546 Fifth Avenue – Sixth Floor
New York, N.Y. 10036
(212) 486-0011

DAVID NOCENTI
*Counsel for Defendant New York State Unified Court System*
By:

_____
Niaa C. Daniels, Esq.
Daniel M. Braun, Esq.
Lisa M. Evans, Esq.
New York State Office of Court Administration
25 Beaver Street-10th Floor
New York, New York 10004

So Ordered:

_____
Hon. Denise L. Cote
United States District Judge

10

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH BENIQUEZ,<br><br>Plaintiff,<br><br>- against -<br><br>NEW YORK STATE UNIFIED COURT SYSTEM and GERALD FILOMIO,<br><br>Defendants. | 23-CV-07735 (DLC)<br><br>**NONDISCLOSURE AGREEMENT** |

I, _____, the undersigned, hereby certify that I have read and understood the Stipulation and Confidentiality Order ("Protective Order") entered in this Action, and I hereby agree to abide by its terms and conditions. I understand that confidential Material and any copies, notes, or other records that may be made regarding Confidential Material shall not be used by me or disclosed to others, except in conformity with this Protective Order, and if I fail to observe the terms of the Protective Order, I may be held in contempt of court.

Dated: _____

_____
Signature

_____
Name (Printed)

Sworn to before me this \_\_\_ day of _____, 20\_\_\_.

_____
NOTARY PUBLIC