**New York State**
**Unified Court System**

Office of Court Administration • Counsel's Office

| | |
|---|---|
| **Hon. Joseph A. Zayas**<br>Chief Administrative Judge | **David Nocenti**<br>Counsel |
| **Hon. Norman St. George**<br>First Deputy Chief Administrative Judge | |

April 7, 2025

**BY ECF**
Hon. Denise Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: Beniquez v. NYS Unified Court System, et al.
     S.D.N.Y., 23-cv-07735 (DLC)

Your Honor:

  This Office represents the New York State Unified Court System ("UCS") in this action. The UCS writes in response to Plaintiff's letter dated April 2, 2025 ("April 2nd Letter") (Docket No. 62), pursuant to Your Honor's Memo Endorsement dated April 3, 2025 (Docket No. 63).

  By way of brief procedural background, Plaintiff commenced this action on August 30, 2023, and filed an Amended Complaint on May 3, 2024 (Docket No. 21). The latter asserted six causes of action, consisting of retaliation and sexual harassment under Title VII of the Civil Rights Act ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). By Stipulation of Voluntary Partial Dismissal with Prejudice So Ordered on October 17, 2024 (Docket No. 31), Plaintiff amended her First Amended Complaint to withdraw with prejudice all her retaliation claims.

  On November 15, 2024, UCS moved for summary judgment to dismiss all of Plaintiff's remaining claims against it, namely, her sexual harassment claims under Title VII, NYSHRL, and NYCHRL (Docket No. 36). UCS moved against Plaintiff's remaining claims, in sum, on the grounds that they were untimely, without merit, and in the case of her state and city law claims, barred by sovereign immunity (Docket No. 39). In response, via her Memorandum of Law in Opposition to Defendant UCS's Motion for Summary Judgment ("Opposition"), Plaintiff expressly conceded that her NYSHRL and NYCHRL claims were both barred by sovereign immunity (Docket No. 48).

  By Opinion and Order dated March 18, 2025 ("March 18th Order"), Your Honor fully granted UCS's motion for summary judgment (Docket No. 57). In granting UCS's motion, the March 18th Order rightly noted that, "All three [sexual harassment] claims initially were brought against UCS, but the parties now agree that sovereign immunity bars the state and city law claims, so only the Title VII claim remains against that defendant." Id. at 10. Indeed, The March 18th Order

describes Plaintiff's Title VII claim as "her only remaining claim against UCS". Id. This is eminently understandable given that Plaintiff stated in her Opposition that, *inter alia*, "Plaintiff concedes that her New York State Human Rights Law claim ('State Claim') is barred by sovereign immunity under The Eleventh Amendment."[1] (Docket. No. 48 at 39).

Plaintiff's April 2nd Letter, in which she asks the Court to clarify whether it dismissed her NYSHRL claim with or without prejudice, is thus, respectfully, somewhat perplexing and misplaced for, as Your Honor evidently recognized, there no longer appeared to remain any NYSHRL claim to dismiss following Plaintiff's above-referenced explicit concession.

UCS consequently takes the position that the March 18th Order speaks for itself and requires no clarification.

Thank you for your attention to this matter.

Respectfully submitted,

/S/ *Daniel Braun*

Daniel M. Braun
Assistant Deputy Counsel

cc: All Counsel of Record (via ECF)

---

[1] Plaintiff also stated in her Opposition that, "Plaintiff concedes that her New York City Human Rights Law ('City Law') claim ('City Claim') is barred by the doctrine of sovereign immunity against Defendant UCS." Docket No. 48 at 40.